# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-02369-MSK-KMT

MADISON SERVICES COMPANY, LLC, n/k/a M Capital Services, LLC,
a Delaware corporation,

      Plaintiff and Counterclaim Defendant,

v.

JOHN GORDON, an individual,

      Defendant and Counterclaimant.

---

## STIPULATED PROTECTIVE ORDER

---

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.    This Stipulated Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.    As used in the Stipulated Protective Order, "document" is defined as provided in Fed. R.

Civ. P. 34 (a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy, proprietary business, commercial, investment, investment management, accounting, and trade secret interests of the parties as determined in good faith by the attorneys representing the designating party. CONFIDENTIAL documents, materials, and/or information shall be used solely for purposes of this litigation. CONFIDENTIAL information shall not be used by such party or persons for any business or other purpose, unless agreed to in writing by all parties to this action or as authorized by further order of the Court.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed by a recipient, *except that* such information may be disclosed to:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) the parties and representatives of the corporate parties;

    (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial

or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Stipulated Protective Order and obtain from such person a written acknowledgment in the form attached hereto as Exhibit A stating that he or she has read this Stipulated Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

8. Documents may be designated as CONFIDENTIAL only by counsel for the parties or persons employed by or working under the direction of counsel for the parties by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

9. Where a party has inadvertently disclosed or produced information or communications which are subject to the attorney-client privilege or work product doctrine, the party may send a written notice to all other parties pursuant to Fed. R. Civ. P. 26(b)(5)(B) requesting that the inadvertently produced information be returned, sequestered, and/or destroyed. Any such notice

shall identify the affected communication, and shall state the basis for the claim of privilege. After receiving such notification, the other parties must comply with the instruction in the notice; must not use or disclose the information until the claim of privilege is resolved; must take reasonable steps to retrieve the information if it has been disclosed or disseminated prior to notification of the claim privilege; and may promptly present the information to the court under seal for a determination of the claim of privilege. Any information inadvertently disclosed shall be subject to Fed. R. Evid. 502.

10. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof may be designated as CONFIDENTIAL and shall be subject to the provisions of this Stipulated Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within twenty-one (21) days after receipt of the transcript.

11. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall specifically identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Stipulated Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as

CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL. The designation of or decision not to challenge any designation of a document as CONFIDENTIAL will in no way be deemed evidence of or an admission that such document is in any way subject to protection under any common law or statutory right, or that such information is actually or potentially proprietary or trade secret.

12. The filing of any CONFIDENTIAL documents, materials, and/or information, including motions, pleadings, or other papers that describe, paraphrase, quote, or restate any CONFIDENTIAL information, shall be made under seal, in compliance with D.C.COLO.LCivR 7.2.

13. The restrictions on the use of CONFIDENTIAL information established by this Stipulated Protective Order are applicable only to the use by a party of CONFIDENTIAL information received from another party or any non-party. This Agreement and Order shall not restrict a party's use of such documents, information and other things which that party possessed before the commencement of this action or acquired after the commencement of this action through informal means not involving discovery or other compulsory process.

14. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction. Each party's counsel

shall be permitted to keep one copy for its files of any work product that may contain or reference CONFIDENTIAL documents. However, such copies shall be kept in a confidential manner and the CONFIDENTIAL documents shall retain their status until destroyed as part of counsel's regular file retention and destruction process.

15. By agreeing to the entry of this Stipulated Protective Order, the parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

16. This Stipulated Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 4th day of June, 2010.

BY THE COURT:

*[signature]*

Kathleen M Tafoya
United States Magistrate Judge

STIPULATED AND AGREED BY:

*s/Denise D. Riley*

Denise D. Riley
Kamlet Reichert, LLP
950 Seventeenth Street, Suite 2400
Denver, Colorado 80202
(303) 825-4200
driley@kamletlaw.com

*Attorneys for Plaintiff and Counterclaim Defendant Madison Services Company, LLC*

*s/Paul Gordon*
Paul Gordon
Limited Liability Company
650 South Cherry Street, Suite 835
Denver, Colorado 80246
(303) 756-0800
pgordon@gorlaw.com

*Attorney for Defendant and Counterclaimant John Gordon*