IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-02369-MSK-KMT

MADISON SERVICES COMPANY, LLC, n/k/a M Capital Services, LLC, a Delaware corporation,

       Plaintiff/Counter-Defendant,

v.

JOHN GORDON, an individual,

       Defendant/Counter-Claimant.

---

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION**

---

**THIS MATTER** comes before the Court on Defendant Jeff Gordon's Motion to Dismiss for Lack of Jurisdiction **(#21)**, to which Plaintiff Madison Services Company, LLC n/k/a M Capital Services, LLC ("Madison") responded **(#34)**, and Mr. Gordon replied **(#56)**. Having considered the same, the Court **FINDS** and **CONCLUDES** the following.

### I.    Jurisdiction

Subject matter jurisdiction is contested and is challenged in Mr. Gordon's Motion to Dismiss. Therefore, the Court exercises its inherent authority to determine its own jurisdiction. *See United States v. Ruiz*, 536 U.S. 622, 628 (2002).

### II.    Material Facts

Construing Madison's allegations most favorably to it, the Court finds that the Complaint **(#1)** alleges the following facts. The dispute between the parties arises out of Mr. Gordon's previous employment with Madison beginning in March 2004. During his employment, Mr.

Gordon was a participant in Madison's Key Employee Investment and Retirement Plan (the "Plan"), which provided deferred compensation to certain key employees. By its terms, the Plan was governed by the Employment Retirement Income Security Act ("ERISA"). During Mr. Gordon's employment, Madison made certain contributions to his account under the Plan. Some of these contributions were paid out to Mr. Gordon, but the contributions made in 2007, 2008, and 2009 remain in the Plan. By the terms of the Plan, the 2008 and 2009 contributions have not vested.

Mr. Gordon was placed on paid administrative leave on April 27, 2009. He was converted to unpaid administrative leave on June 5, 2009. He resigned on June 12, 2009, alleging that he had been constructively discharged. Mr. Gordon refused to sign a general release after his employment ended. Pursuant to the Plan terms, the refusal negated Mr. Gordon's entitlement to receiving any payout of his Plan contributions. Nevertheless, on October 1, 2009, Mr. Gordon presented a demand for payment of amounts under the Plan.

Because Madison believes that no amounts are due to Mr. Gordon under the Plan, it initiated this declaratory judgment action on October 5, 2009 (the "Federal Action") seeking three declarations: (1) the Colorado Wage Act is inapplicable to the Plan; (2) Mr. Gordon failed to meet the conditions precedent to receiving payout of contributions under the Plan; and (3) the employer contributions from 2008 and 2009 have not vested. Mr. Gordon asserts eight counterclaims based on state law under the Court's supplemental jurisdiction, *see* 28 U.S.C. § 1367(a): (1) wrongful termination; (2) breach of implied contract based on employer's termination policies; (3) breach of employment contract; (4) Colorado Wage Act violations; (5) theft; (6) aiding and abetting a breach of fiduciary duty; (7) extreme and outrageous conduct; and

(8) civil conspiracy.

### III.  Issues Presented

In Mr. Gordon's Motion to Dismiss, he argues that this Court lacks subject matter jurisdiction over Madison's declaratory judgment claims because ERISA does not authorize a suit by an employer.[1] Madison responds that under the Declaratory Judgment Act, if the Court would have jurisdiction over an action initiated by Mr. Gordon for determination of benefits, then it has jurisdiction in a declaratory judgment action by Madison for essentially the same determination. Thus, the issue with regard to Mr. Gordon's Motion to Dismiss is whether the Declaratory Judgment Act, in conjunction with ERISA, confers subject matter jurisdiction over Madison's claims.

### IV.  Analysis

As stated *supra*, Mr. Gordon moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(1), arguing that this Court lacks jurisdiction over Madison's declaratory judgment claims because ERISA does not authorize a suit by an employer.[2] Madison responds that jurisdiction is proper under the Declaratory Judgment Act because the Court would have jurisdiction over the inverse claim—a claim by Mr. Gordon for benefits under the Plan.

The Declaratory Judgment Act provides that "in a case of actual controversy within its

---

[1] Mr. Gordon also argues that the action is not ripe because the parties have not exhausted the administrative remedies under the Plan. This argument, however, appears to be moot because the full administrative record has been submitted, including Madison's final determination of Mr. Gordon's request for benefits under the Plan.

[2] Interestingly, the requirement that a plaintiff and his or her claims fall within § 502(a) acts as both a standing and a subject matter jurisdictional requirement. *See Felix v. Lucent Techs., Inc.*, 387 F.3d 1146, 1160 n.10 (10th Cir. 2004).

jurisdiction" a federal court may declare the rights and other legal relations of any interested party. *See* 29 U.S.C. § 2201(a). The Act enlarges the range of remedies available in federal court, but it creates no substantive rights and does not enlarge the scope of federal jurisdiction. *See Skelly Oil v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950); *Hanson v. Wyatt*, 540 F.3d 1187, 1196 (10th Cir. 2008). Accordingly, where a declaratory judgment is sought, a federal court must have an independent basis for the exercise of subject matter jurisdiction. *See* 29 U.S.C. § 2201(a); *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008).

If the requested declaratory judgment is responsive to a claim or action, a court looks to the essence of the claim or action to determine whether it would give rise to federal question jurisdiction. *See Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 248 (1952). Thus, if the underlying claim or action would give rise to a federal jurisdiction, then the responsive request for a declaratory judgment similarly gives rise to federal jurisdiction; conversely, if the underlying claim or action would not give rise to federal jurisdiction, then a court lacks subject matter jurisdiction over the responsive request for a declaratory judgment. *See Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1239 (10th Cir. 2003) (citing *Franchise Tax Bd. Of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 16 (1983)).

In this case, Madison seeks a declaration regarding whether Mr. Gordon satisfied the conditions precedent to a payout under the Plan and whether certain contributions to the Plan have vested under the terms of the Plan. In essence, Madison seeks a determination of Mr. Gordon's rights under the Plan. This would be responsive to a claim by Mr. Gordon that he is entitled to benefits under the Plan. Accordingly, the Court determines whether it would have subject matter jurisdiction over an action by Mr. Gordon to determine his rights under the Plan.

4

There is no dispute that the Plan is governed by ERISA. ERISA is a federal statute that creates a uniform regulatory regime for employee benefit plans, intended to make regulation of employee benefit plans "exclusively a federal concern." *See Aetna Health, Inc. v. Davila*, 542 U.S. 200, 208 (2004). To effectuate this purpose, ERISA includes a civil remedial scheme that preempts any and all other parallel remedies. Pursuant to that scheme, 29 U.S.C. § 1132(a)(1)(B)[3] provides that a plan participant or beneficiary may institute a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." State and federal courts have concurrent jurisdiction in actions brought pursuant to § 1132(a)(1)(B). *See* 29 U.S.C. § 1132(e)(1).[4]

The remedy that § 1132(a)(1)(B) provides is exactly what Mr. Gordon's underlying action would seek—benefits under the Plan.[5] Thus, this Court would have jurisdiction over an

---

[3] Many courts refer to ERISA provisions by their section number in the Act itself rather than the codified section in Title 29 of the United States Code. For ease of reference, however, this Court refers to the Code provision.

[4] This section provides: "Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this title brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 101(f)(1) [29 USCS § 1021(f)(1)]. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section."

[5] Mr. Gordon appears to also argue that because he never actually threatened to bring suit for benefits under the Plan, there is no case or controversy as required by the Declaratory Judgment Act. This argument, however, is belied by the exhibit to the Complaint **(#1-2)** demonstrating that Mr. Gordon sought payment under the Plan prior to the initiation of this lawsuit. This demand for benefits under the Plan is sufficient to demonstrate a live case or controversy between the parties to this action. Moreover, Mr. Gordon's counterclaims regarding his entitlement to benefits serve as additional evidence that a case or controversy exists. This is not to say, however, that the existence of federal jurisdiction over these counterclaims is sufficient to confer jurisdiction over the declaratory judgment claims. *See Holmes Group, Inc. v.*

5

action by Mr. Gordon because it has jurisdiction over actions brought pursuant to § 1132(a)(1)(B).[6] *See Davila*, 542 U.S. at 208. Accordingly, this Court also has jurisdiction over Madison's responsive requests for declaratory relief.[7] *See Wycoff*, 344 U.S. at 248; *Nicodemus*, 318 F.3d at 1239.

---

*Vornado Air Circulation Sys.*, 535 U.S. 826, 831 (2002). Rather, as discussed, the Court has subject matter jurisdiction over the declaratory judgment claims pursuant to the Declaratory Judgment Act and ERISA.

[6] This conclusion is based on Madison's responsive requests for declarations as to Mr. Gordon's benefits under the plan (namely, whether he satisfied the conditions precedent and whether his rights in certain employer contributions have vested); it is not based on Madison's responsive request regarding the application of the Colorado Wage Act to the Plan. The underlying claim for Madison's Colorado Wage Act request would be a claim by Mr. Gordon that Madison had breached the Colorado Wage Act. The only federal question presented by such a claim, however, would be whether ERISA preempted the claim, which is merely a defense to the cause of action. The existence of a federal defense, including preemption by a federal statute, is not sufficient to confer federal question on a federal court. *See Davila*, 542 U.S. at 207. Nevertheless, the Court may exercise supplemental jurisdiction over this claim. *See Price v. Wolford*, 608 F.3d 698, 702–03 (10th Cir. 2010) (citing *City of Chicago v. Int'l Coll. Of Surgeons*, 522 U.S. 156, 165 (1997); 28 U.S.C. § 1367.

[7] Mr. Gordon argues that this reasoning was expressly rejected in *D & F Corp. v. Bd. of Trustees of Pattern & Model Makers Assoc. Of Warren & Vicinity Defined Benefit Pension Plan*, 795 F.Supp. 825 (E.D. Mich. 1992). In *D & F*, an employer asserted a declaratory judgment action against the administrator of an ERISA plan arguing that the federal district court had jurisdiction over the action because the plan administrator could bring a claim against it under ERISA's civil enforcement scheme. The Court concluded, however, that regardless of whether it would have jurisdiction over the inverse claim, because § 1132(e) did not include suits brought by employers, the court had no jurisdiction over any suit by an employer.
    This Court need not determine whether this reasoning is sound because Madison brings its declaratory judgment claims as a fiduciary and not as an employer. The claims are all for a determination as to the administration of the Plan, which is the province of the Plan fiduciary, and not as to the contributions to the Plan, which would fall within the province of the funding employer.

**IT IS THEREFORE ORDERED** that Defendant Jeff Gordon's Motion to Dismiss for Lack of Jurisdiction **(#21)** is **DENIED**.

Dated this 2nd day of September, 2010

                                **BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge