IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-02369-MSK-KMT

MADISON SERVICES COMPANY, LLC, n/k/a M Capital Services, LLC, a Delaware
corporation,

       Plaintiff/Counter-Defendant,

v.

JOHN GORDON, an individual,

       Defendant/Counter-Claimant.

---

**OPINION AND ORDER DENYING MOTION TO RECONSIDER, GRANTING IN
PART MOTION FOR ATTORNEY'S FEES, AND GRANTING MOTION TO SEAL**

---

**THIS MATTER** comes before the Court on

(1) Defendant/Counterclaimant John Gordon's Motion to Reconsider (**#306**), to which

Plaintiff/Counter-Defendant Madison Services Company, LLC ("Madison") responded (**#321**),

and Mr. Gorden replied (**#325**);

(2) Madison's Motion for Attorney's Fees (**#304**), Mr. Gordon's Response (**#320**),

Madison's Reply (**#326**); and

(3) Madison's Unopposed Motion to Seal Counterclaimant's Motion to Reconsider

(**#317**).  Having considered the same, the Court **FINDS** and **CONCLUDES** the following.

## I.  Background

Mr. Gordon is a former employee of Madison whose employment terminated in June

2009.  During his employment, Mr. Gordon participated in Madison's Key Employee Incentive

Plan (the "Plan"), a deferred compensation plan for certain key employees.  The Plan is governed by the Employee Retirement Security Act ("ERISA").  Upon Mr. Gordon's separation from Madison, he sought benefits under the Plan.  However, the Plan Administrator declined to grant them because the Plan by its express terms required that a Plan participant sign a General Release as a condition precedent to receiving benefits in such circumstances.  Mr. Gordon refused to execute a release.

In a previous order partially resolving the issues in this case[1] (#**299**), the Court determined that ERISA preempted Mr. Gordon's counterclaim brought pursuant to Colorado Wage Act for benefits under the Plan.[2]  In addition, applying the applicable standards under ERISA, the Court held that the Plan Administrator's determination that Mr. Gordon was not entitled to benefits under the Plan after his separation from Madison was not arbitrary or capricious.  The Court declined to exercise jurisdiction over the remaining state court claims and dismissed them without prejudice.

Mr. Gordon seeks reconsideration of the Court's decision pursuant to Fed. R. Civ. P. 54(e).  As grounds, he argues the following: (1) he should have been excused from executing the

---

[1]As the Court noted in its order, there is a parallel state court proceeding arising out of the same events underlying this litigation.

[2]Madison initiated this lawsuit seeking declaratory relief on three issues: (1) that the Wage Claim Act was inapplicable to the Plan because of ERISA preemption, (2) that Mr. Gordon failed to meet a condition precedent to payment under the Plan, and (3) that certain contributions to the Plan on behalf of Mr. Gordon had not yet vested.  Mr. Gordon asserted counterclaims under Colorado state law, including (1) wrongful termination; (2) breach of implied contract based on Madison's termination policies; (3) breach of contract based on failure to pay benefits under the Plan; (4) violation of the Wage Claim Act; (5) theft (asserted as a derivative claim); (6) aiding and abetting a breach of fiduciary duty; and (7) extreme and outrageous conduct.

release because he did not know the true value of his benefits and therefore could not sign a knowing waiver of his rights; (2) ERISA does not preempt the Colorado Wage Claim Act claim here because the Plan is exempt under section 1003(b) of ERISA, as shown by a choice of law provision in the Plan; (3) Mr. Gordon did not have a sufficient opportunity to conduct discovery; and (4) the Plan "may" be a severance pay plan, which is exempt from certain ERISA provisions.

## II.   Analysis

### A.   Motion to Reconsider - Requirements of Fed. R. Civ. P. 54(e)

A motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) should be granted only to address (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."). Such a motion is not an appropriate vehicle to "advance arguments that could have been raised in prior briefing." *Id.* *See also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) ("A Rule 59(e) motion to alter or amend the judgment should be granted only 'to correct manifest errors of law or to present newly discovered evidence'") (citations omitted).

Mr. Gordon does not contend that there has been a change in the controlling law or that he has new evidence that was previously unavailable[3]. In addition, he does not demonstrate any way that the Court misapprehended the facts, his position, or the applicable law. Rather, he

---

[3]Although Mr. Gordon contends that he did not obtain the discovery he wanted, he does not identify any new evidence that was not previously available or specify what additional evidence he believes would justify altering the Court's prior decision.

simply asserts new and reframed old arguments in an effort to avoid the Court's prior determination that ERISA preempts his Wage Claim Act counterclaim and that it was not arbitrary or capricious for the Plan Administrator to follow the requirements of the Plan in refusing to provide benefits absent execution of a General Release.  Mr. Gordon offers no explanation or justification for why he could not have presented these arguments in his previously filed briefing on these issues; he simply wishes to have a second bite at the proverbial apple.  Under *Servants of the Paracletes*, Rule 59(e) does not justify granting him this relief.[4]

## B.   Motion for Attorney Fees

Madison seeks attorney fees as the prevailing party under both the Wage Claim Act and ERISA.

### 1.     Wage Claim Act Attorney Fees Provision

The Colorado Wage Claim Act contains a discretionary fee-shifting provision that

---

[4]Moreover, the new arguments fail on the merits.  First, Mr. Gordon presents no legal authority to show that a party is excused from executing release required by an ERISA plan where the amount of benefits are in dispute, much less that the Plan Administrator's decision to follow the terms of the Plan in such circumstances is arbitrary and capricious.  Mr. Gordon's second and fourth arguments are additional attempts to show that the Plan was exempt from ERISA.  The second argument concerns the Court's previous determination that Mr. Gordon failed to carry his burden to show that the Plan is exempt from ERISA as an unfunded "excess benefit plan" intended to avoid the limitations imposed by section 415 of the Internal Revenue Code.  As new support for his argument that the Plan is exempt, Mr. Gordon points to a Plan provision requiring application of Colorado law notwithstanding conflict of law provisions and setting venue in Colorado.  The Court discerns no connection between the choice of law provision and any intent by the Plan to exempt itself from ERISA or to operate as an excess benefit plan, particularly since the Plan expressly states that it is governed by ERISA.  As noted by Madison, it is common for ERISA plans to contain choice of law provisions that apply where ERISA does not, such as determining the applicable statute of limitation.  Mr. Gordon's fourth argument is that the Plan "may" be a severance plan and therefore exempt from ERISA. However, he offers no argument or evidence to show that the Plan is a severance plan; in addition, his contention that a severance plan is exempt from ERISA is not supported by the legal authority he cites.

4

applies where an employer is the prevailing party.  C.R.S. § 8-4-110(1) ("If, in any action, the employee fails to recover a greater sum than the amount tendered by the employer, the court may award the employer reasonable costs and attorney fees incurred in such action").[5]  In determining whether an award of fees is appropriate under the Act, a division of the Colorado Court of Appeals has set forth factors to be considered in making the analysis:

> (1) the scope and history of the litigation;

> (2) the ability of the employee to pay an award of fees;

> (3) the relative hardship to the employee of an award of fees;

> (4) the ability of the employer to absorb the fees it incurred;

> (5) whether an award of fees will deter others from acting in similar circumstances;

> (6) the relative merits of the parties' respective positions in the litigation;

> (7) whether the employee's claim was frivolous, objectively unreasonable, or groundless;

> (8) whether the employee acted in bad faith;

> (9) whether the unsuccessful claim was based on a good faith attempt to resolve a significant legal question under the Wage Act; and

> (10) the significance of the claim under the Wage Act in relation to the entire litigation.

---

[5]Madison asserts that although the Court found that Mr. Gordon's Wage Claim Act was preempted, the fee-shifting provisions of the Act nonetheless apply because Mr. Gordon asserted a claim under the Act and failed to recover a greater sum than the amount tendered by Madison (Madison tendered nothing).  Mr. Gordon does not argue that the Wage Claim Act's fee-shifting provisions are preempted by ERISA and there does not appear to be any basis to so find. Accordingly, the Court proceeds with the analysis as to Mr. Gordon's claim.

*Carruthers v. Carrier Access Corp.*, 251 P.3d 1199, 1211 (Colo. App. 2010).

The Court finds most relevant here the factors relating to the merits of the claim and the parties' ability to pay.  As to the first, Mr. Gordon asserted a Wage Claim Act claim seeking compensation under the Plan despite the Plan's express language that it was governed by ERISA.  His arguments seeking to avoid the preemption effect of ERISA were without evidentiary support.  The law regarding ERISA preemption in this regard was well-established and resolution of the issue did not require resolution of any issues of first impression or other ambiguities.  Therefore, while the Court does not hold that the claim was frivolous or brought in bad faith, it was not well-founded.  Moreover, there is no indication that Mr. Gordon asserted the claim in order to resolve in good faith a significant legal question under the Wage Claim Act.

As to the factors relating to the parties' ability to pay, Madison argues that Mr. Gordon is a highly paid financial executive who presumably has the ability to pay an award.  Mr. Gordon has submitted an affidavit in which he generally asserts that he is unable to pay, citing various debts and the lack of full-time employment; his affidavit, however, contains no information about his assets, making it impossible to determine what his resources actually are.  Madison disputes Mr. Gordon's representation that he has no full-time employment, offering as evidence a page from a professional networking page in which Mr. Gordon states that he is a high level executive at an investment firm.  However, as the party seeking the award of attorney fees, it is Madison's burden to show Mr. Gordon's ability to pay.  In the absence of probative evidence as to this factor, the Court gives it no weight.  Madison admits that it can absorb its own attorney fees but contends it should not have to.

Given that the Wage Claim Act claim was only one of several of Mr. Gordon's

6

counterclaims and in the absence of a significant evidentiary showing that an award of fees is appropriate here, the Court declines to award Madison its attorney fees incurred in litigation of the Wage Claim Act.

### 2.    ERISA Attorney Fees Provision

In addition, ERISA gives a trial court discretion to award attorney fees to a prevailing party.  28 U.S.C. § 1132(g)(1)("In any action under this subchapter . . . the court in its discretion may allow a reasonable attorney fee and costs of action to either party.").  Similar factors guide the Court's discretion in determining whether to award fees, including:

> (1) the degree of the opposing parties' culpability or bad faith;
>
> (2) the ability of the opposing parties to satisfy an award of fees;
>
> (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances;
>
> (4) number of plan participants affected by the case or the significance of the impact of the legal question involved;
>
> (5) the relative merits of the parties' positions.

*Graham v. Hartford Life & Accident Ins. Co*., 501 F.3d 1153, 1162 (10th Cir. 2007).

Applying the first of these factors to the ERISA claims and counterclaims, upon which Madison prevailed, the Court finds more culpability on the part of Mr. Gordon.  As noted by Madison in its motion, the parties initially agreed that the ERISA issues could be resolved without discovery based on the administrative record.  Thereafter, however, Mr. Gordon expanded the litigation by challenging this Court's jurisdiction, by seeking to supplement the administrative record, and by seeking discovery into matters such as the Plan Administrator's alleged conflict of interest.  Even when granted limited additional discovery, Mr. Gordon sought

to expand the scope of that discovery, causing additional motions and disputes to be resolved by the Court and the Magistrate Judge.  Ultimately, the case was resolved without reference to the significant additional material that Mr. Gordon sought and obtained.

Moreover, the issues in this case were relatively straightforward and governed by the language of the Plan and well-established law.  Despite the unambiguous design of the Plan and the express statement that it was an ERISA-governed plan, Mr. Gordon asserted, and continues to assert, unsupported arguments regarding ERISA exemptions in an attempt to avoid the effect of ERISA's preemption provisions.  In addition, his arguments regarding the Plan's requirement of a release were unavailing, particularly those relating to his fundamental grievance with Madison (that Madison had engaged in improper conduct with respect to the Plan that Mr. Gordon was under a duty to address).  Mr. Gordon did not present to the Plan or to this Court any argument or evidence regarding how signing a release would violate Mr. Gordon's fiduciary or other obligations.  The case could have been concluded much earlier and much more simply but for Mr. Gordon's efforts to focus the controversy on something other than the plain language of the Plan and the Plan Administrator's responsibilities under the Plan.

As to the second factor, ability to pay, there is no probative evidence in this regard. However, with respect to the third factor (deterrence), an award of fees could dissuade participants from attempting to avoid unambiguous plan requirements with unfounded legal and factual arguments.  This factor, therefore, weighs in favor of an award.  In contrast, the fourth factor (whether the case affects other participants and beneficiaries of an ERISA plan or resolves a significant legal question regarding ERISA) does not.  According to Madison, it initiated this lawsuit for its own benefit with respect to the dispute with Mr. Gordon, specifically to ensure

8

that it was not subject to penalties under the Wage Claim Act.  No other plan participants appear to be affected and resolution of these issues does not clarify the law regarding the Plan in any significant manner.  The fifth factor, the merits of the party's position, also weighs against Mr. Gordon, in that his position with respect to the ERISA issues had little merit.

Considering these factors as a whole, the Court concludes that an award of attorney fees is appropriate to the extent that the litigation was expanded beyond what was necessary to resolve the ERISA declaratory judgment issues.  Therefore, this award is limited to fees incurred in litigating extraneous discovery and supplemental issues, but does not include the briefing with respect to the motion for judgment on the pleadings which resulted in the order disposing of the case.

Any award of fees must be reasonable.  Madison has submitted with its motion an affidavit, which contains a summary of hours spent by various attorneys on the Wage Claim Act and ERISA issues.  However, the summary is too general to enable the Court to review the reasonableness of the time spent on each task, to determine whether the hours were spent on tasks related to the limited award provided here, whether there was unnecessary duplication of efforts, and other matters.  Accordingly, the motion is granted in part and denied in part.  The motion is granted in that Madison is awarded reasonable attorney fees.  However, a reasonable amount of attorney fees cannot be determined.  If Madison seeks a specific award of attorney fees it shall file a new motion with a revised affidavit within seven days of the date of this order.

## C.     Motion to Seal

Madison seeks to keep under seal Mr. Gordon's Motion to Reconsider and exhibits. These documents contain information about various Plan investments, much of which is not

publicly available information.  Madison contends that disclosure of this information would undermine the privacy interests of non-parties and place these investment funds at a competitive disadvantage.  Mr. Gordon used this information in a lengthy background section in the Motion to Reconsider but this material was generally irrelevant to the substance of his arguments. Because the Court did not rely on this information in disposing of Mr. Gordon's arguments, and disclosure could cause harm to non-parties, the motion is granted.

**IT IS THEREFORE ORDERED** that

(1)     Defendant/Counterclaimant John Gordon's Motion to Reconsider (**#306**) is **DENIED**.

(2)     Madison's Motion for Attorney's Fees (**#304**) is **GRANTED IN PART AND DENIED IN PART**.  The motion is granted to the extent Madison seeks an award for a portion of the fees incurred in the litigation of issues relating to ERISA.  It is denied without prejudice with regard to a request for a specific amount.  Any motion requesting a specific award of attorney fees shall be filed within 7 days of the date of this order and shall be accompanied by particularized billing statements.

(3)     Madison's Unopposed Motion to Seal Counterclaimant's Motion to Reconsider (**#317**) is **GRANTED**.

Dated this 28th day of March,  2012

**BY THE COURT:**

Marcia S. Krieger
_____

Marcia S. Krieger
United States District Judge