IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-02369-MSK-KMT

MADISON SERVICES COMPANY, LLC, n/k/a M Capital Services, LLC,

       Plaintiff,

v.

JOHN GORDON,

       Defendant.

_____

**OPINION AND ORDER GRANTING MOTION FOR ATTORNEY'S FEES**
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion for Attorney's Fees **(# 330)**, Mr. Gordon's response **(# 334)**, and the Plaintiff's reply **(# 336)**.[1]

The reader's familiarity with the underlying proceedings is assumed. In summary, Mr. Gordon and his former employer, Madison Services Company ("Madison"), each sought a declaration (among other items of relief) as to Mr. Gordon's eligibility for certain benefits under Madison's Key Employee Incentive Plan pursuant to ERISA. In an Order dated March 16, 2011

---

[1] Mr. Gordon has filed a document entitled "Objection To Costs Taxed" **(# 318)**. Assuming Mr. Gordon intends this document as a motion seeking judicial review of the Clerk's taxation of costs under Fed. R. Civ. P. 54(d)(1), the Court denies it. The crux of Mr. Gordon's argument is that Madison is not a "prevailing party" because the items of costs taxed by the Clerk – deposition transcripts and document productions – are also relevant to state law claims that the parties are continuing to litigate in state court. Thus, argues Mr. Gordon, Madison "would have had to conduct the depositions and document production for the state case, even had the federal case never existed." This argument might warrant the **state court** denying a subsequent request for taxation of costs by Madison in the state case (were one to be made there), but it does not refute the Clerk's conclusion that the depositions taken and documents produced were "necessarily obtained for use" in **this** case. To the extent Mr. Gordon also requests that this Court invoke its discretion to refuse to award costs, the Court finds that request to be without merit.

**(# 299)**, the Court granted judgment on the pleadings generally favorable to Madison.

Shortly thereafter, Madison moved **(# 304)** for an award of attorneys fees, requesting both an award under the Colorado Wage Claim Act, C.R.S. § 8-4-110(1) (which Mr. Gordon had unsuccessfully invoked in a counterclaim), and an award under ERISA, 29 U.S.C. § 1132(g). Mr. Gordon opposed the request for fees, and simultaneously sought reconsideration **(# 306)** of the Court's March 16, 2011 decision. By Order dated March 28, 2012, the Court denied Mr. Gordon's request for reconsideration (finding that Mr. Gordon was simply repeating old arguments previously raised and rejected or new arguments that could and should have been raised earlier) and granted Madison's request for fees pursuant to ERISA (the Court rejected the request for fees under the Wage Claim Act). In particular, the Court found Mr. Gordon to be culpable for expanding the litigation by raising collateral issues and presenting unfounded legal arguments, and thus awarded "fees incurred in litigating [the] extraneous discovery and supplemental issues" raised by Mr. Gordon, without awarding fees incurred for "the briefing with respect to the motion for judgment on the pleadings." The Court granted Madison seven days within which to establish the amount of fees to be awarded.

In the instant motion **(# 330)**, Madison requests an award of $85,320.50 in fees, supporting that request with affidavits and time records as required by D.C. Colo. L. Civ. R. 54.3(B). Mr. Gordon filed a response **(# 334)** to the request, but that response did not contend that the hourly rates or hours billed by Madison's counsel were somehow unreasonable; rather, the response sought to relitigate the issues determined in the Court's March 28, 2012 Order, arguing that no fees should be awarded based on the conduct of the litigation. In the interim, Mr.

Gordon filed a Notice of Appeal **(# 331)** of the Court's March 28, 2012 Order.²

To the extent Mr. Gordon's "response" to Madison's instant motion is a misdesignated request for reconsideration of the March 28, 2012 Order, that request is denied for several reasons. First, because Mr. Gordon filed a Notice of Appeal with regard to that Order prior to requesting reconsideration before this Court, this Court is deprived of jurisdiction to reconsider the Order. *Burns v. Buford*, 448 Fed.Appx. 844, 847 (10th Cir. 2011) (unpublished) (district court may "act in aid of an appeal" by resolving collateral matters, but "may not vacate the order that is the basis for the appeal"), *citing U.S. v. Madrid*, 633 F.3d 1222, 1226 (10th Cir. 2011). Even if the Court did have jurisdiction to reconsider the March 28, 2012 Order, it would decline to do so, as the arguments proffered by Mr. Gordon are not based on new facts, new law, or a manifest misunderstanding by this Court of Mr. Gordon's positions; rather, Mr. Gordon simply wishes to rehash arguments he previously raised and present new arguments that were available to him previously. Thus, his request for reconsideration on these grounds is improper. *Servants of the Paraclete v. Does*, 204 F.3d 1006, 1012 (10th Cir. 2000).

In calculating a reasonable fee to be awarded, the Court applies the familiar "lodestar" analysis. *See generally Gisbrecht v. Barnhart*, 535 U.S. 789, 801-02 (2002) ("the 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence"); *Jean*, 496 U.S. at 161. In doing so, the Court makes an initial, or "lodestar," calculation by multiplying a reasonable hourly rate by the number of hours reasonably expended by the attorney(s) on the case. *Id.* at 802; *Hensley v. Eckerhart*, 461 U.S. 424 (1983). Typically, the lodestar figure represents the appropriate amount of fees to be awarded; adjustments to the

---

²Although that Notice of Appeal was untimely, this Court granted **(# 342)** Mr. Gordon's subsequent request to extend the time to appeal *nunc pro tunc*. The Court of Appeals has since accepted the appeal **(# 344)** as timely.

lodestar figure are made only in unusual situations. *Pennsylvania v. Delaware Valley Citizens Council for Clean Air*, 478 U.S. 546, 564-65 (1986).

The applicant seeking fees bears the burden of demonstrating that the hours expended and rates charged are reasonable. *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986). Here, Madison has supported its fee request with an affidavit of its counsel, Denise Riley, stating that she is familiar with the hourly rates customarily charged for legal work of this type in the Denver area and that the rates sought by Madison are consistent with those figures. Mr. Gordon has proffered no contrary evidence, and in the absence of contradictory evidence, the Court finds that the rates claimed are reasonable.

Ms. Riley also itemizes the hours spent by herself and others on Madison's behalf, and has expressly limited that itemization to particular matters consistent with the limitations placed on the fees awarded by the Court. Ms. Riley contends that all the claimed hours were reasonably incurred with regard to the tasks on which the Court has awarded fees. Once again, Mr. Gordon has offered no specific evidence to the contrary. Accordingly, the Court finds no material opposition to the amount of hours claimed by Madison. Thus, the Court finds that the $85,320.50 figure claimed by Madison is the proper lodestar calculation. Neither party has argued that the lodestar figure should be adjusted in this case, and thus, the Court grants Madison's request for an award of fees in the amount of $85,320.50.

Accordingly, Madison's Motion for Attorney's Fees **(# 330)** is **GRANTED**. The Judgment **(# 301)** in this action is **DEEMED AMENDED** to award Madison the sum $85,320.50 against Mr. Gordon. Post-judgment interest on that sum shall accrue pursuant to 28 U.S.C. § 1961 until paid in full.

Dated this 31st day of October, 2012

**BY THE COURT:**

_____
Marcia S. Krieger
United States District Judge